1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CORPORACION NACIONAL DE CONSUMIDORES Y USUARIOS DE CHILE, | Case No.  5:18-cv-02527-EJD |
| Plaintiff, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | Re: Dkt. No. 34 |
| APPLE INC., | |
| Defendant. | |

Plaintiff Corporacion Nacional de Consumidores Y Usuarios De Chile ("Conadecus") has filed a motion for attorneys' fees, requesting an award of $1,030,501.57 under California Code of Civil Procedure § 1021.5. *See* Pls.' Mot. for Attorneys' Fees, ECF 34.  In the alternative, Conadecus requests leave to conduct discovery. *Id.* at 21.  The motion has been fully briefed. *See* ECF 36, 37.  The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7–1(b).  For the reasons stated below, the motion is denied.

I.      **BACKGROUND**

A.      **The Conadecus Suit is Consolidated into the MDL**

Conadecus is a private non-profit organization with its principal place of business in Santiago, Chile.  In April 2018, Conadecus brought the instant action against Defendant Apple Inc. ("Apple") on behalf of its members or constituents who are consumers in Chile.  Conadecus alleged that Apple intentionally failed to inform customers that software updates for certain models of the iPhone were designed to slow the devices' processing speed to correct a battery defect.  The Conadecus complaint asserts claims for trespass to chattels, unjust enrichment, and

1    fraudulent misrepresentation/omission.  In June 2018, the Court consolidated the Conadecus

2    action into MDL proceedings and appointed Conadecus's counsel to serve as "International

3    Liaison Counsel" with responsibility for, among other things, monitoring any ongoing litigation in

4    any international courts.

### B.    Another Consumer Organization Sues Apple in Chile:  *Odecu* Action

6         On December 24, 2018 (while the MDL was pending), a consumer organization in Chile

7    La Organización de Consumidores y Usuarios de Chile A.C. ("Odecu")—sued Apple's Chilean

8    subsidiary and local authorized distributors in Chilean court, asserting claims under Chilean law

9    on behalf of Chilean consumers ("the *Odecu* Action").  The *Odecu* Action centered on the same

10   factual allegations relating to iPhones that were the focus of the MDL.  In accordance with

11   Chilean law, notice of the admissibility of the *Odecu* Action was published in May 2019, which

12   triggered a statutory period in which other plaintiffs and competing consumer associations may

13   join the proceedings.

14        Odecu filed the *Odecu* Action on its own in initiative and without the assistance of any

15   other consumer organization in Chile.  ECF 36-4 at 2.  Conadecus did not join or otherwise

16   participate in the *Odecu* Action.  Nor did Conadecus ever inform the Chilean court of its pending

17   action against Apple in the United States.

### C.    The MDL Settlement Resolves Claims of US Consumers, But Leaves Claims of Chilean Consumers Unaffected

20        In October 2019, counsel for Conadecus learned that the MDL plaintiffs were close to

21   reaching a settlement in principle.  On February 28, 2020, Apple settled with U.S. consumers in

22   the MDL and filed its proposed settlement and release with a motion for preliminary approval of

23   the settlement.  On March 20, 2020, Apple filed its Statement of Non-Opposition, which stated

24   that Conadecus and the named plaintiffs from South Korea are not included in the proposed

25   settlement.

26        On May 11, 2020, counsel for Conadecus emailed lead counsel for the MDL plaintiffs to

27   clarify the scope of the settlement.  Counsel for Conadecus wanted the settlement documents

28   Case No.: 5:18-cv-02527-EJD
ORDER DENYING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1   modified to make clear Conadecus was not settling.  Lead counsel for the MDL plaintiffs

2   responded that "the proposed settlement does not prevent Conadecus from pursuing its claims."

3   Mot. at 6.  On May 12, 2020, counsel for Conadecus emailed lead counsel for the MDL plaintiffs

4   again to point out "problematic language" in the settlement documents.  *Id*.

5       On May 27, 2020, this Court entered an Order Certifying Settlement Class and Granting

6   Preliminary Approval of Class Settlement.

7       On August 25, 2020, lead counsel for the MDL plaintiffs sent counsel for Conadecus

8   revised language for the Final Approval Order and Judgment.  After more email exchanges and

9   motion practice, Conadecus was formally deconsolidated from the MDL.

10       **D.      The *Odecu* Action Settles**

11       In March 2020, Odecu and Apple began to discuss a potential resolution of the *Odecu*

12   Action.  In August 2020, the parties to the *Odecu* Action reached a settlement in principle.  The

13   settlement was publicly filed in Santiago Civil Court on March 11, 2021, and was certified as final

14   and non-appealable on March 30, 2021.

15       **E.      Final Approval of the MDL Settlement**

16       On September 18, 2020, when finalizing the settlement final approval papers for the MDL,

17   lead counsel for the MDL informed Apple that Conadecus's counsel had identified drafting

18   ambiguities in the form of the proposed final judgment and proposed final approval order.  On

19   November 30, 2020, Conadecus filed, but later withdrew, an "Administrative Motion for

20   Clarification of Proposed Final Approval Order and Proposed Final Judgment."  *In re:  Apple, Inc.*

21   *Device Performance Litig.*, No. 18-md-2827, ECF 569.  After discussing the issue, all parties

22   agreed to amend the proposed final judgment and proposed final approval order to clarify that the

23   Settlement Agreement does not release Conadecus's claims.

24       On March 17, 2021, the Court granted final approval of the MDL settlement and on March

25   23, 2021, the Court entered judgment.  The Court also granted in part the MDL plaintiffs' motion

26   for attorneys' fees and expenses, which resulted in Conadecus's counsel receiving $417,237 in

27   attorneys' fees in his capacity as "International Liaison Counsel."

28   Case No.: 5:18-cv-02527-EJD
     ORDER DENYING MOTION FOR ATTORNEYS' FEES

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### F.      Counsel for Conadecus Learns of Odecu Settlement

In mid-April 2021, Conadecus's counsel learned of the settlement in the *Odecu* Action. Conadecus's counsel now seeks attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 as a purported "catalyst" for the settlement of the *Odecu* Action.

## II.    DISCUSSION

"Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).  The exception, however, is when a statute provides for attorneys' fees.  One such exception is California's Private Attorney General Statute, which empowers courts to award attorneys' fees to a "successful party" in an action which has "resulted in the enforcement of an important right affecting the public interest." Cal. Code of Civ. Proc. § 1021.5.  California courts have taken a "broad, pragmatic view of what constitutes a 'successful party'" for purposes of section 1021.5 and have explained that an attorney fee award may be justified even when plaintiff's legal action does not result in a favorable judgment. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 565-66 (2004).  In determining whether a plaintiff is a "successful party" under section 1021.5, "[t]he critical fact is the impact of the action, not the manner of its resolution." *Folsom v. Butte Cty. Assn. of Gov'ts*, 32 Cal.3d 668, 685 (1982).  The trial court "must realistically assess the litigation and determine, from a practical perspective, whether or not the action served to vindicate an important right so as to justify an attorney fee award" under section 1021.5. *Woodland Hills Residents Assn. v. City Council*, 23 Cal.3d 917, 938 (1979).  The catalyst theory is an application of the above stated principle. *Id.*  Under the catalyst theory, "an award of attorney fees may be appropriate where 'plaintiffs' lawsuit was a *catalyst* motivating defendants to provide the primary relief sought.'" *Graham*, 34 Cal.4th at 566 (quoting *Robinson v. Kimbrough*, 652 F.2d 458, 465 (5th Cir. 1981)).

Where, as here, a plaintiff does not "win a final judgment on the merits," a court considers three factors to determine whether the plaintiff nonetheless is the prevailing or "successful party" for purposes of section 1021.2.  First, the court must determine what the lawsuit sought to

Case No.: 5:18-cv-02527-EJD
ORDER DENYING MOTION FOR ATTORNEYS' FEES

4

1   accomplish and then determine whether it was accomplished by means of the suit.  *Ass'n of Cal.*

2   *Water Agencies v. Evans,* 386 F.3d 879, 886 (9th Cir. 2004).  A plaintiff need only have received

3   some of the benefits sought in the suit, but there must be "some sort of clear, *causal relationship*

4   between the litigation brought and the practical outcome realized."  *Id*.  Second, a plaintiff must

5   show that the action had "some merit."  *Graham*, 34 Cal.4th at 561.  Third, a plaintiff ordinarily

6   should have engaged in a reasonable attempt to settle the dispute prior to litigation.  *Id.*  The party

7   requesting attorneys' fees bears the burden of establishing that it has met the requirements under

8   Section 1021.5.  *Vosburg v. County of Fresno*, 54 Cal. App. 5th 439, 450 (2020).

9           The catalyst theory does not warrant an award of attorneys' fees to Conadecus.  First,

10  Conadecus was not a party, much less a "successful party" in the *Odecu* Action.  Conadecus had

11  no involvement in the *Odecu* Action, and counsel for Conadecus did not even know about the

12  Chilean settlement until after it had been certified as final and nonappealable by the Chilean court.

13  Moreover, Conadecus offers no reason why California's section 1021.5 would even apply to a

14  case filed in Chilean court, involving enforcement of Chilean consumer protection laws and

15  seeking redress for Chilean consumers.  Conadecus has not identified any case in which a court

16  awarded attorneys' fees under section 1021.5 for a lawsuit filed in another country that did not

17  result in a benefit to any individual in California.

18          Second, Conadecus is not a "successful party" in the *Conadecus* Action.  The action

19  remains pending.  Conadecus has no intention of dismissing the case and reserves the right to

20  amend the complaint and continue litigating.  Thus, to date, Conadecus has yet to vindicate an

21  important right or achieve any other measure of relief for Chilean consumers as a result of the

22  *Conadecus* Action.

23          Third, Conadecus is not a "successful party" in the MDL.  Conadecus's theory—that its

24  role in the MDL had a catalytic effect that prompted Apple to settle the *Odecu* Action—is not

25  supported by the record.  Conadecus asserts that its correspondence with lead counsel between

26  May 2020 through August 2020 was the catalyst for Apple to settle the Odecu Action.  However,

27  Apple's counsel was not included in the correspondence.  The first time that Apple's counsel

28

interacted with Conadecus's counsel was in late 2020—well after Apple had reached a settlement in principle with Odecu in August 2020.  The sequence of events fails to establish the requisite "clear, *causal relationship*"[1] between the actions taken by Conadecus's counsel in the MDL and the settlement realized in the *Odecu* Action.  In addition, Odecu confirms that it independently reached the settlement with Apple without any participation or assistance from Conadecus.  The Court finds that Conadecus had no catalytic effect on either Apple or Odecu reaching a settlement in the *Odecu* Action.

Fourth, Conadecus has not satisfied any of the other requirements in Section 1021.5.  It is premature to conclude that the *Conadecus* Action has "some merit."  Conadecus also failed to "first reasonably attempt to settle the matter short of litigation."  *Graham*, 34 Cal.4th at 577.  Conadecus's claim of futility is unpersuasive, especially because Apple agreed to settle with Odecu, a similarly situated Chilean consumer organization.

## III.   CONCLUSION

Conadecus's counsel has already been awarded $417,237 in the MDL.  An award of any additional fees is not warranted.  The motion for attorneys' fees is DENIED.

**IT IS SO ORDERED.**

Dated:  February 25, 2022

EDWARD J. DAVILA
United States District Judge

---

[1] *Ass'n of Cal. Water Agencies v. Evans,* 386 F.3d at 886.

United States District Court
Northern District of California